

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 15, 1975

The Honorable Clayton T. Garrison        Opinion No. H-717
Executive Director
Texas Parks and Wildlife Department      Re:   Status of regulatory
John H. Reagan Building                        authority of Parks and
Austin, Texas 78701                            Wildlife Department in
                                               several counties with
                                               respect to fish, aquatic
Dear Mr. Garrison:                       .     life and marine animals.

You have requested our opinion concerning the regulatory authority of
the Parks and Wildlife Department regarding fish, aquatic life and marine
animals in Aransas, Brazoria, Cameron, Calhoun, Jackson, Jefferson,
Kenedy, Kleberg, Matagorda, Nueces, Orange and Refugio counties. You
note that the special game laws governing these counties were repealed
by section 2 of House Bill 1186 of the 64th Legislature, Acts 1975, 64th Leg.,
ch. 545, p. 1405 at 1804, which is the Parks and Wildlife Code.

The Code revised and codified the laws pertaining to parks and wildlife.
Section 1 of House Bill 1186 contains the new Code and section 2 repeals
various laws including all special laws cited in article 978j (note), Penal
Auxilary Laws, other than those excepted by section 2(c). Section 1.001
of the Code and section 3 of the Bill provide that the purpose of the codifica-
tion is not to make substantive changes in the law. Thus, you have asked
what the effect is of the repeal of the special laws pertaining to these counties.

Section 1.001(b)(3) of the Code provides that one purpose of the codifica-
tion is to:

> eliminat[e] repealed, duplicative, unconstitutional,
> expired, executed, and other ineffective provisions.
> . . .

In our view the Legislature understood the special laws which were repealed
to be ineffective in light of sections 1, 1A and 18 of the Uniform Wildlife Act.
V. T. C. S., art. 978j-1. Section 1A was added by Acts 1973, 63rd Leg., ch. 220,
p. 515, and made the Uniform Wildlife Act applicable to fish, aquatic life, and

p. 3076

marine animals other than shrimp and oysters in all coastal waters of the State except in Harris, Galveston, Chambers, and Victoria Counties. Section 1 made the Act generally applicable to all but four counties involved in your request. Thus the Uniform Wildlife Act was applicable to all fish, aquatic life, and marine animals in these counties except shrimp and oysters in Kenedy, Kleberg, Nueces, and Refugio Counties.

Section 18 of article 978j-1 provides that the Parks and Wildlife Commission may promulgate regulations and that all game laws, special or general, shall remain in effect until such regulations are issued. Thus, these special laws would have been ineffective upon the issuance of regulations by the Commission. There is therefore no necessary conflict between the repeal of these special laws and the expressed purpose of House Bill 1186.

Section 61.052 of the Code, formerly article 678j-1, section 2, authorizes the Commission to regulate the time, place, means, manner, and method by which wildlife may be captured. Chapters 101-354 of the Code contain special laws governing the applicability of the Commission's regulatory authority to particular counties. The repealed special laws are no longer of any effect whatsoever. Accordingly, in our opinion the Parks and Wildlife Commission has full regulatory authority over fish, aquatic life, and marine animals in the subject counties except as limited by the applicable special provisions contained in Chapters 101-354 of the Code.

## SUMMARY

The Parks and Wildlife Commission may exercise its regulatory authority under section 61.052 of the Parks and Wildlife Code in the subject counties except as limited by the applicable special provisions contained in Chapters 101-354 of the Code.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee